**Lorenzo COBBS, Petitioner—Appellant,**

v.

**Joseph MCGRAFF, Respondent—Appellee.**

No. 03–17245.

D.C. No. CV–01–2272–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Feb. 22, 2005.

Jolie S. Lipsig, Sacramento, CA, for Petitioner–Appellant.

Allan Yannow, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before REINHARDT, THOMPSON, and BERZON, Circuit Judges.

### MEMORANDUM *

Lorenzo Cobbs appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. He alleges that his counsel was constitutionally ineffective because she failed to investigate his mental health history both before advising him to plead nolo contendere and after receiving Dr. Kline's report. He also claims he was incompetent to enter a plea. We reverse the denial of his claims and remand for an evidentiary hearing.

### A. Standard of Review

Cobbs's case is governed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). Cobbs is entitled to relief under § 2254(d) if the state court's adjudication of his petition "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because the state courts issued no reasoned opinions, we must conduct an "independent review of the record," to determine whether the state court decision was objectively unreasonable. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000).

By denying Cobbs's habeas petition without issuing an order to show cause, the California state courts decided that Cobbs had not presented a prima facie case for relief. *See People v. Duvall,* 9 Cal.4th 464,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

474–75, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995) ("If no prima facie case for relief is stated, the court will summarily deny the petition. If, however, the court finds the factual allegations, taken as true, establish a prima facie case for relief, the court will issue an OSC."). In other words, the state courts determined that even if Cobbs's factual submissions were true, he was not entitled to habeas relief on either of his claims. We must determine whether that decision was objectively unreasonable. *See Delgado*, 223 F.3d at 982.

## B. Incompetency to Enter Plea

■ Cobbs alleged that he was actually incompetent to enter a plea. It is clearly established Supreme Court law that convicting a legally incompetent defendant violates due process. *Drope v. Missouri*, 420 U.S. 162, 171–73, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). To present a prima facie claim of substantive incompetence, Cobbs had to present facts showing that at the time he pleaded guilty or at the time of sentencing, he did not have " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' " nor " 'a rational as well as factual understanding of the proceedings against him.' " *Godinez v. Moran*, 509 U.S. 389, 396, 398, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)).

Cobbs presented two psychiatric evaluations as well as prison medical records to support his incompetency claim. The doctor who evaluated Cobbs during trial court proceedings found him mildly retarded and suffering from dementia, borderline to extremely low intellectual functioning, and severe neurocognitive deficits that interfered with his ability to learn and retain new information. The doctor who evaluated Cobbs about ten months after his sentencing found that he had a history of paranoia, depression, hallucinations, and hearing voices, and had been previously hospitalized and medicated as a psychiatric patient. The doctor also found that prison staff had withdrawn Cobbs's antipsychotic medication about fifty days before he committed the underlying crime, and that Cobbs was not medicated again until after his sentencing, when prison staff immediately placed him in a psychiatric ward and put him back on highly potent antipsychotic drugs. The doctor specifically concluded that Cobbs was psychotic during the trial court proceedings and was unable competently to participate in the planning of his own defense due to his mental disability.

Given the evidence Cobbs presented, we find it was objectively unreasonable for the state court to decide that Cobbs had not presented a prima facie incompetency claim. Assuming Cobbs's factual submissions were true, he had shown that he was denied due process and was entitled to habeas relief. That there was contrary evidence as well, including Cobbs's courtroom behavior, does not detract from this prima facie showing.

Because the state court denied Cobbs's state habeas petition without holding an evidentiary hearing, Cobbs was never given the opportunity to develop his substantive incompetency claim. A retrospective competency determination is proper where the state of the record and other available relevant evidence allow for a meaningful hearing. *See Moran v. Godinez*, 57 F.3d 690, 695–96 (9th Cir.1995); *deKaplany v. Enomoto*, 540 F.2d 975, 986 n. 11 (9th Cir.1976). It has been about seven years since Cobbs's plea and sentencing, but the record includes contemporaneous medical evaluations, prison medical records before and after his sentencing, and the minimal statements Cobbs made during his plea and sentencing. Presumably, Cobbs's eval-

uating psychiatrists and trial counsel could testify.

Under these circumstances, we find that a meaningful retrospective determination of Cobbs's competency during trial court proceedings is possible. Cobbs was therefore entitled to a hearing in federal district court because he alleged "facts that, if true, would entitle him to relief." *Stankewitz v. Woodford*, 365 F.3d 706, 714 (9th Cir.2004).

## C. Ineffective Assistance Claim

■ To present a prima facie claim of ineffective assistance of counsel, Cobbs's factual submissions had to show that (1) his counsel's performance was objectively unreasonable compared to "prevailing professional norms"; and (2) his counsel's performance prejudiced his defense so that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Prevailing professional norms required counsel to investigate Cobbs's mental health history sufficiently to permit an informed tactical decision about his defense. *See Strickland*, 466 U.S. at 691; *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003) ("Trial counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired."); *People v. Gonzalez*, 51 Cal.3d 1179, 1244–45, 275 Cal.Rptr. 729, 800 P.2d 1159 (1990) ("[W]here trial counsel has reason to believe that mental defenses may be available and advisable, the client's initial opposition does not excuse counsel from an investigation sufficient to present the client with an *informed* tactical choice." (emphasis in original)).

It is unclear whether counsel's failure to conduct any investigation into Cobbs's mental health history was objectively unreasonable in light of prevailing professional norms, given the factual disputes concerning Cobbs's representation and the state court's failure to conduct an evidentiary hearing. It is undisputed that counsel was aware that Cobbs had some cognitive impairment, a history of drug and alcohol abuse, and an extensive criminal history. It is also undisputed that counsel knew that Cobbs had used drugs and alcohol on the day of the crime to such an extent that he, in his own words as reported to counsel, "was not in his right mind." What is disputed is whether Cobbs's attorney adequately inquired into the facts on which Cobbs's statement was based, including whether he had a history of psychiatric illness. It is also disputed whether Cobbs told his counsel that he was experiencing paranoia and hallucinations and whether counsel responded, "No, I don't want to hear it." Furthermore, many of the unresolved issues associated with his incompetency claim, discussed above, are relevant to his ineffective assistance of counsel claim.

Moreover, if counsel had determined that Cobbs had an extensive history of severe mental illness, was likely psychotic at the time of the crime, and continued to be mentally debilitated, there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Counsel would not have advised Cobbs to plead nolo contendere in the hope that he could receive drug rehabilitation because counsel would have known such treatment would not be available to individuals with severe mental illness. Consequently, reasonable counsel would have taken a different approach, such as requesting a competency hearing or pursuing an insanity defense. Also, the record shows that counsel knew drug rehabilitation was a futile goal after receiving Dr. Klein's report that such

treatment was not appropriate for Cobbs given his mental impairments. At this point, a reasonable counsel who had conducted an adequate investigation would have known that the reason Cobbs had entered a nolo contendere plea no longer applied, and would have requested a competency hearing and considered whether there was some way to retract the nolo contendere plea. The state court was objectively unreasonable in deciding that Cobbs had not made out a prima facie case for relief, and the district court, therefore, abused its discretion by not granting Cobbs an evidentiary hearing. *See, e.g., Stankewitz v. Woodford,* 365 F.3d 706, 725 (9th Cir.2004); *United States v. Leonti,* 326 F.3d 1111, 1116 (9th Cir.2003).

### D. Conclusion

We conclude that the district court abused its discretion by failing to hold an evidentiary hearing on both the issues of ineffective assistance of counsel and of competence to enter a plea. *See Stankewitz,* 365 F.3d at 725. We REVERSE and REMAND to the district court for an evidentiary hearing.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.